GEORGE R. ROBERTS, Plaintiff in Error, v. THE CITY OF CHICAGO, Defendant in Error.

ERROR TO COOK.

The authorities of a city have the undoubted right to alter the grades of streets at their discretion, and to compel the owners of property to conform thereto; and if this is done with reasonable care and diligence, no liability arises from their acts.

Courts will not inquire whether the grade adopted is the best or not.

If the authorities should act wrongfully, with a bad intent, damages might be recovered.

A DEMURRER was sustained to the following declaration, and the plaintiff below brings the case to this court.

The first count sets forth, that on the 1st September, 1857, plaintiff owned, in fee simple, certain premises, consisting of a lot twenty-two feet wide, fronting on the south side of Madison street, and abutting on an alley, in block 18, School Section Addition, in the city of Chicago. That while he was such owner, he erected a four-story brick building, or store, on a basement, for business purposes, on said lot, upon and with express reference to the grade of said street as then established by law. That there was no access or approach to said building but by Madison street, and that without it the building was untenantable and useless. That on the first of September, 1857, the premises were leased, yielding a large income—$1,500 a year. That plaintiff was of right entitled to have the said public street kept and remain open and unobstructed before the premises, but that the city, by its agents and servants, on the 1st October, 1857, maliciously, wrongfully, and without reasonable cause, obstructed and filled up the said street in front of said premises, with large heaps of rock, earth and timbers, four feet above the grade, so as completely to block up and destroy all access and approach to said premises, thereby making the same wholly untenantable and useless. Plaintiff compelled, in consequence thereof, to expend large sums of money in raising his building to the level of said street; premises rendered untenantable; building unavoidably injured by being raised; to damage of $5,000.

Second count. That plaintiff, at the time, etc., was the owner in fee of an adjoining lot, fronting on the south line of Madison street, a public highway of the city. That he had, in 1855, built thereon, with direct reference to the established public level or grade of the said street, a certain other store, of brick, four stories high, upon a stone basement, even with the grade of

17

the said street, as then established by law; built on grade at cost of $10,000; rented at $1,000 a year; sole approach was by Madison street, front, and without it was untenantable and useless. That plaintiff was entitled to have the street kept open and unobstructed, but that the city, by its officers and servants, on October 1st, 1857, through negligence, unskillfulness, malice, and without any reasonable cause, filled up the street in front of said lot, and raised, by earth, etc., six feet above the grade, thereby obstructing and blocking up, and cutting off all entrance and approach to said store and premises, thereby rendering the same untenantable and useless for seven months. That to make said premises tenantable, plaintiff had to spend large sums of money in raising the building, etc.; plaintiff, in consequence, lost rents, building damaged by raising, etc., in all, $10,000.

Third count states the ownership of certain other lots, in fact, embracing the whole of the two former lots, with a front of forty-two feet on Madison street, on which plaintiff had built buildings, at a cost of $20,000, for purposes of commerce and business, upon a level with, in conformity to, and with a view to the grade and level of the street and highway, as then previously regulated and established by law, the stores four stories high, upon a stone basement, even and level with the street; the stores rented at $3,000 a year. That the sole approach was by Madison street, without which they were untenantable and useless, and unfit for occupation, use or business. That plaintiff was entitled to have the approach to his said premises along said street upon the established grade kept and remain open, clear of obstruction, and accessible, and that it was the duty of the city to keep the same open, clear and unobstructed; yet the city, disregarding its duty, and designing maliciously to wrong, injure and oppress said plaintiff, without authority or right, and without reasonable cause, negligently caused said highway to be filled up six feet above the grade of the street, upon which, and in reference whereto, plaintiff had made all his improvements, whereby the street was filled up above the windows of the first story of his stores. Alleging damages, as in the former counts.

A. W. WINDETT, for Plaintiff in Error.

E. ANTHONY, for Defendant in Error.

CATON, C. J. We recognize unhesitatingly as sound law, that the city has the right to establish and change the grades of the streets, and to compel the owners of lots to grade the streets accordingly. If the owners of lots will not themselves do this,

then the law authorizes the city to do it at the expense of the owners, and when a grade is established or altered in good faith, with the purpose of improving the streets, the courts will not inquire whether it was the very best grade which could have been adopted, and if, upon the neglect of the owners to grade the streets, in pursuance to the city ordinances, fixing the grade, the city does it with reasonable care and diligence, it is not liable to the owners of the lots for the inconvenience occasioned by necessary obstructions to the streets while they are being graded, nor for the expense of raising the buildings to conform to the new grade. The law presumes that the value of the property is enhanced more than the amount of such inconvenience and expense. If the proceedings to raise the grade were regular, it was the duty of the plaintiff himself to have raised the street to grade, and had he done so, it would be strange indeed, if he could require the city to pay for the inconvenience to him, resulting from the obstruction to the street, which he occasioned while grading it, or to pay the cost of raising his buildings up to the elevation to which he had raised the street, in pursuance of a legal duty resting upon him, and he can have no more right to claim damages when the city has graded the streets for him than he would have had if he had done it himself. The law which authorized the city to impose this duty upon him, necessarily imposes upon him any burthen or damage resulting to him in the performance of this duty. He who purchases, holds or improves city property, does so knowing that the legislature has the right to confer this power upon the city, if that has not already been done, and that he is liable to be subjected to these inconveniences or supposed losses. He purchases or improves the property with the implied understanding that this may be done, and that if it is done, he must bear the burthen thus imposed upon him by law.

But when the city undertakes to do this work, it must do it in good faith and with reasonable care and diligence, and for damages resulting from the want of these, it is undoubtedly responsible. Now this declaration charges that the city, by its agents and servants, " maliciously, wrongfully and without reasonable cause, obstructed and filled up said street," in the first count ; and in the second count it is charged, that the city, by its servants, "through negligence, unskillfulness, malice, and without reasonable cause, filled up the street," etc.; and in the third count it is charged that the city " designing maliciously to wrong, injure and oppress the plaintiff, without authority or right, and without reasonable cause, negligently caused said highway to be filled up," etc. Now, here are words of aggravation, which, if true, render the city liable to damages to the

injured party, which require to be answered. The demurrer should have been overruled.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*