## CITY OF EAST ST. LOUIS

### *v.*

### LOUISIANA ST. JOHN.

1. TAKING PRIVATE PROPERTY FOR PUBLIC USE—*when allowable.* Under that clause in our constitution which provides for the taking of private property for

public use, the use must be such as is public in its character, and not public merely because it is declared to be such.

2.  SAME—*power of the city of East St. Louis in that regard.*  A municipal corporation has not the power to condemn private property for public use for purposes not specifically named in the law, and which is not within the proper scope and meaning of the delegated authority.

3.  So where the charter of the city of East St. Louis confers authority on the city to "take private property for opening, altering and laying out any street, lane, avenue, alley, public square, or other public grounds," such delegated authority does not confer the power to condemn property on which to erect a city prison.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion fully presents the facts.

Mr. WM. H. UNDERWOOD, for the appellant.

Mr. E. SOUTHWORTH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an application by the city of East St. Louis to condemn and appropriate a lot belonging to appellee, for the purpose of erecting a city prison.  Appellant claims to derive authority to condemn and appropriate this property for the purpose indicated, under the fourth article of the city charter, adopted on the 16th day of February, 1865.  (Sess. Laws, 352.) It declares that "The city shall have power to acquire, to open and to lay out public grounds, or squares, streets, alleys and highways, and to alter, widen, contract, straighten and discontinue the same.     *     *     *     They shall cause all streets, alleys and highways, or public squares or grounds laid out by them, to be surveyed, described and recorded in a book to be kept by the clerk, showing accurately and particularly

the proposed improvements, and the real estate required to be taken, and the same, when opened and made, shall be public highways and public squares."

The second clause of the same article declares that "when it shall be necessary to take private property for opening, altering or laying out any street, lane, avenue, alley, public square, or other public grounds, the corporation shall make a just compensation therefor to the person whose property is so taken, and if the amount of such compensation can not be agreed on, the Mayor shall cause the same to be assessed by a jury of six disinterested freeholders of the city."

The eleventh section of Article 13 of our constitution declares: "Nor shall any man's property be taken or applied to public use without the consent of his representatives in the General Assembly, nor without just compensation being made to him." This provision recognizes the power to take and apply private property for public use, upon two indispensable conditions: first, that it must be by the consent of the General Assembly, manifested by a law regularly adopted, and secondly, that a just compensation shall be paid for the property thus appropriated. If either of these prerequisites is wanting, the authority must fail. And in the exercise of this delicate and important power, the legislature may, under proper restrictions and safeguards, delegate its exercise, no doubt, to municipal corporations. But whether exercised by the State or other bodies to whom the power has been delegated, the purpose must be for a use public in its nature, and not public merely because it is declared to be such. This was designed to be a limitation upon the otherwise transcendent legislative power of the General Assembly. And the power being, for wise and salutary purposes, lodged alone in the General Assembly, its exercise is alone dependent upon the action of that body, exercised in a proper case, or in such a case delegated to a body capable of its exercise. Neither of the other

59—47th Ill.

departments, unauthorized by the legislative, or individuals, as private persons, can exercise such power.

The great and essential object of all governments being to secure individuals in the enjoyment of their rights, that security would not be afforded if the property of each individual might be appropriated to private purposes without his free consent, or to what a municipal corporation, or a collection of individuals, might choose to declare for public use. Nor should this security be overlooked in the zeal of public-spirited persons, in their desire to promote the public good. This principle, coeval with free government, and upon which individual security in the enjoyment of property must ever depend, must be held sacred and guarded with scrupulous care, to render security in the enjoyment of property. In a government of constitutional law, this is a right that should never, under any pretext, be violated or disregarded, and if it ever should, then despotic power, whether wielded by the many or the few, will have made advances that should alarm all who regard the rights of the citizen and respect our form of government.

This being true, it follows that this power of applying individual property should be exercised only when the wisdom of the General Assembly shall have declared it to be necessary and proper, or when they shall delegate the power, that the public purpose shall be declared. The fundamental law has not declared that the property of the citizen may be applied to such purposes as the General Assembly, or such other person or body as they may designate, may determine to be for public use. The power is vested in the legislature to say for what purpose it shall be taken, and that is not discretionary, but is limited to public use. When the General Assembly shall say that a municipal corporation may condemn private property, in the due course of law, for a specific purpose, if the object be for public use, and in exercising the power, if the municipal body conform to the terms of the law, and the

constitution is observed, the title of the individual would thus be extinguished.

The question then presents itself, whether this law has authorized the city to take and appropriate this property for the purpose of a city prison? This object is not named specifically in the law; nor does it fall within the reasonable and fair interpretation of the language. The city is, by this provision, empowered to condemn lands for streets, alleys, lanes, highways, public squares and grounds, for the travel and common use and enjoyment of the entire public, whether resident within or out of the corporate limits. All persons would have an equal right to enjoy the use of any of the property which this law authorizes the city to condemn and appropriate, nor could the city apply it to other purposes after it was acquired, or prevent any person from its enjoyment, consistent with the purposes for which it was acquired. If the lot in question were acquired, it would be otherwise. When we see that authority was given to acquire property for one kind of public use, we can not infer that it was intended that other property might be acquired for another and different purpose. Had the power claimed been within the purview of the law, it would have presented a different question. But we are satisfied that the power to appropriate private property for a city prison, is neither within the language nor purview of this law.

In the exercise of such a vast and sovereign power, by delegated authority, the intention to confer it should clearly appear, and it should not be inferred, from loose and indefinite or general and uncertain language. In this case the city did not possess the power to appropriate this property for the purpose claimed, in the mode resorted to in this proceeding, and the judgment of court below must be affirmed.

*Judgment affirmed.*