## The City of Elgin

*v.*

## Lewis S. Eaton.

1. Municipal corporation—*injury from change of grade of streets.* Under the constitutional provision that " private property shall not be taken or *damaged* for public use without just compensation," if injury to private property is sustained by changing the grade of a street, the municipal corporation causing the same to be made will be liable to the owner in damages.

2. Eminent domain—*act relating to, not retrospective.* The laws in force at the time a city enters upon a public improvement of a street, by changing its grade, will fix and determine the right of a property holder to damages, and it can not be altered by subsequent legislation.

3. Same—*measure of damages.* If private property is damaged by a change in the grade of a street, the recovery must be measured by the extent of the pecuniary loss. If it is benefited as much as damaged, there can be no recovery, and it is error to refuse testimony to show that fact.

4. Same—*evidence—profile of grade.* In a suit by the owner of a house and lot to recover damages growing out of a change in the grade of a street, after the work is commenced and before its completion, the profile of the proposed improvement is proper evidence against the city.

5. Execution—*against city.* It is error to award an execution against a city.

Appeal from the Circuit Court of Kane county; the Hon. Hiram H. Cody, Judge, presiding.

This was an action on the case, by the appellee against the appellant, to recover damages for injuries claimed to have been occasioned by the grading of Jackson and Bridge streets, in Elgin, along and in front of the plaintiff's premises.

Mr. Eugene Clifford, for the appellant.

Messrs. Botsford, Barry & Wilcox, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

The city of Elgin, by ordinance, required Jackson and Bridge streets to be brought to grade, and in prosecuting the work it

was brought below the base of appellee's house, and when the grade of the street was completed, the level of the street would be about six feet lower than the ground on which his house stood. And it appears that to remove the house back farther from the streets, and to grade his yard so as to come to the level of the streets, would cost from $700 to $1000, but it also appears that the property would then be enhanced to a greater value than its present worth and the cost of making the change. It also appears, that it would cost $300 or $400 to wall up the bank occasioned by the cut to bring the street down to the grade fixed by the profile of the work. The evidence tends strongly to prove that the house and lots upon which it is erected are worth as much or more than before the change in the grade was made.

Plaintiff sued the city to recover damages, and on a trial in the court below he recovered a verdict for $1000, and the court, after overruling a motion for a new trial, rendered a judgment on the verdict, and defendant, to reverse the same, prosecutes this appeal, and assigns various errors.

It is first urged, that a municipal corporation is not liable for damages growing out of grading their streets. This was, no doubt, true, before the adoption of our present constitution. Article 2, sec. 13, declares, that "private property shall not be taken or damaged for public use without just compensation." Now, this was private property, and the improvement was being made for public use, and if the property was damaged thereby, appellee is entitled to just compensation for such damage. If injury was sustained, it was for public use. See *City of Pekin* v. *Brereton*, 67 Ill. 477, and *City of Shawneetown* v. *Mason*, 82 Ill. 337. These cases fully establish the rule, that if a person is damaged in making such improvement, he may recover.

In this case the city entered upon the improvement of the street after the adoption of our present constitution, and before the passage of our Eminent Domain Law. The rights of the parties were then fixed, and can not be altered by subsequent legislation, and the right to recover damages was given by the

constitution; and inasmuch as the city failed to have them assessed as they might have been under the Eminent Domain Law, then in force, the action will lie for their recovery. See *The People* v. *McRoberts*, 62 Ill. 38. Failing to provide compensation for the damages, the city became liable to an action. *Clayburgh* v. *City of Chicago*, 25 Ill. 535. The failure to have the damages ascertained, if there were any, and provide the means to pay the same, was an omission of duty which rendered the body liable to an action.

The question then presents itself, what was the measure of damages? In the case of *Shawneetown* v. *Mason, supra*, it was said: " The true question is, whether the property was injured by the improvement. If not, then there is no damage, and can be no recovery. If there is, then the recovery must be measured by the extent of the loss. If the property is worth as much after the improvement as before, then there is no damage done the property. If the benefits received from making the improvement are equal to or greater than the loss, then the property is not damaged for public use. We apprehend there can be no damage to property without a pecuniary loss. If there is no depreciation in value there is no damage, and if no injury, then there should be no recovery." See *Chicago and Pacific Railroad Co.* v. *Francis*, 70 Ill. 238, where this doctrine is announced. The court should have admitted the evidence offered, to prove the value of the property before and after the improvement was made.

It is insisted that the court erred in permitting appellee to introduce the profile of the improvement, and prove the extent of the damage that would be sustained when the work should be completed. In the case of *The Jacksonville and Savanna Railroad Co.* v. *Kidder*, 21 Ill. 131, it was held to be error, in a case of the assessment of damages sustained by the construction of a railroad, to reject the plans and estimates of the company as evidence in the case. That case seems to be identical in principle with this, and is of controlling authority.

From what has been said, it will be seen that a portion of appellee's instructions were wrong, and highly calculated to

mislead the jury, and we think must have had that effect.    It is admitted that it was error to award execution against the city.

For the errors indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*