THE COUNTY OF MERCER, Appellee, *vs.* EDWARD L. WOLFF
*et al.* Appellants.

*Opinion filed December 15, 1908.*

</div>

1. EMINENT DOMAIN—*owner of land adjoining that taken can
not maintain cross-petition for damages.* Damages resulting to an
abutting proprietor, no part of whose land is taken, arising from
the use to which the land condemned is to be put by the petitioner,
are not within the contemplation of the Eminent Domain act, and
he is not entitled to be made a defendant and maintain a cross-
petition for damages.

2. SAME—*a county may condemn land for site for county jail.*
A county has power to condemn land for a site for a county jail
if it is unable to agree with the owners of the land upon the ques-
tion of compensation, and the questions whether a new jail is nec-
essary, whether the county has other land upon which the jail can
be built, has had other land offered to it or is financially able to
build the jail will not be inquired into by the courts. (*City of
East St. Louis v. St. John,* 47 Ill. 463, distinguished.)

3. SAME—*condemnation petition may be filed if owner of land refuses offer.*  Where one of the owners of the land desired by a county as a site for a county jail has declined to accept the county's offer, saying that he could not give an answer within a week, there is a failure to agree upon compensation, and the county is not compelled to wait that length of time before filing the petition.

4. SAME—*jurors may take into consideration conclusions drawn from view.*  It is not the law that if jurors have no knowledge of the value of real estate in the vicinity of the land condemned they must determine the amount of damages from the testimony of the witnesses alone, since if they view the premises they may take into consideration what they learn from such view.

5. SAME—*the matter of granting separate trials is discretionary.*  The statute authorizes the compensation for separate parcels of land to be assessed by the same jury or different juries, as the court or the judge may direct; and the denial of a separate trial as to one owner is not ground for complaint, where no abuse of the court's discretion is shown.

6. SAME—*new venire may be made returnable in two days from its issue.*  Where the *venire* is quashed upon motion of the defendants in a condemnation case, the court, under section 7 of the Eminent Domain act, providing for *venires* returnable instanter, may order another jury drawn in accordance with section 6 of the Eminent Domain act and a *venire* issued returnable in two days.

7. SAME—*the assessor's book showing assessed value is incompetent.*  In a condemnation proceeding the assessor's book showing the assessed value of the property in question is not admissible in evidence upon the question of compensation.

APPEAL from the County Court of Mercer county; the Hon. HENRY E. BURGESS, Judge, presiding.

ROBERT L. WATSON, for appellants.

WILLIAM J. GRAHAM, State's Attorney, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The board of supervisors of the county of Mercer having resolved to build a jail, and being unable to agree with the owners of the site selected upon the compensation to be paid therefor, caused a petition for the condemnation thereof to be filed in the county court.  Edward L. Wolff and

Don S. Prentiss, the owners of the land, were made defendants. The executors of the will of Thomas Maddux, deceased, appeared and filed a cross-petition, alleging that Thomas Maddux died seized of real estate adjoining the tract sought to be condemned; that as executors they have control of said real estate, and that it will be greatly damaged by the condemnation and use for a jail of the site sought by the county. They therefore prayed to be made defendants and have their damages assessed. A motion to strike this cross-petition from the files was denied; motions by the cross-petitioners and Wolff for separate trials were denied; a jury was empaneled; after hearing all the evidence the cross-petition was dismissed on motion of the county, and the jury returned a verdict fixing the compensation of Wolff and Prentiss at $1200 each. A motion for a new trial having been overruled and judgment of condemnation entered in accordance with the verdict, Wolff and the executors of Thomas Maddux have appealed.

Error is assigned on the order dismissing the executors' cross-petition. No part of the premises of the cross-petitioners was sought to be taken. No direct physical damage to their property was contemplated. The damages to be sustained, if any, were entirely consequential. For such actual damages, though consequential only, as may be sustained by an owner of abutting land through the taking of adjoining premises for a public use a remedy is given, and the owner may have his compensation ascertained by a jury, as required by the constitution in a common law action. But when no part of the land of an abutting owner is taken the constitution does not require the ascertainment and payment of his consequential damages before entry can be made upon adjoining property. Damages resulting to an abutting proprietor, no part of whose land is physically taken, are not within the contemplation of the Eminent Domain act, but he is remitted to his action at law for his damages. (*Penn Mutual Life Ins. Co.* v. *Heiss,* 141 Ill.

35; *Parker* v. *Catholic Bishop,* 146 id. 158; *White* v. *West Side Elevated Railroad Co.* 154 id. 620.) The cross-petition was rightly dismissed.

It is contended that a county has no authority to acquire, by condemnation, property on which to build a jail. Each county is given power, by the statute, to purchase and hold the real estate necessary for the uses of the county, and to make all contracts and do all other acts in relation to property and concerns of the county necessary to the exercise of its corporate powers. (Rev. Stat. chap. 34, sec. 24.) It is made the duty of the county board to erect or otherwise provide, when necessary and the finances of the county will justify it, and keep in repair, a suitable court house, jail and other necessary county buildings. (Rev. Stat. chap. 34, sec. 26.) This duty is imperative, though the county board has a discretion as to the kind, cost, size and other conditions of the building. *People* v. *LaSalle County,* 84 Ill. 303; *Andrews* v. *Knox County,* 70 id. 65.

Section 2 of the Eminent Domain act provides that in all cases where the right to construct or maintain any public road, railroad, plank road, turnpike road, canal or other public work or improvement has been conferred by general law upon any corporate or municipal authority, public body, officer or agent, person, commissioner or corporation, and the compensation to be paid for the property sought to be appropriated cannot be agreed upon by the parties interested, it shall be lawful for the party authorized to construct the public work to apply to the judge of the circuit or county court to have the compensation assessed in the manner provided by the act. A county is such a municipal authority as may avail itself of the provisions of this act. Counties are declared by the statute to be bodies politic and corporate. (Rev. Stat. chap. 34, sec. 22.) They are public municipal corporations created for the purposes of convenient local government and existing only for public purposes connected with the administration of the State government.

*Millikin* v. *County of Edgar,* 142 Ill. 528; *Wetherell* v. *Devine,* 116 id. 631; *Marion County* v. *Lear,* 108 id. 343.

The erection of a common jail is a public work. The administration of justice and the enforcement of the criminal laws of the State are committed in large measure to the counties. As the laws now exist and are enforced a jail is a public necessity. Its use concerns the public at large, for the whole State is interested in the enforcement of the law in each county.

Our attention is called to the case of *City of East St. Louis* v. *St. John,* 47 Ill. 463, as sustaining the proposition that the use of land for a jail is not a public use and that land cannot be condemned for that purpose. The city of East St. Louis was there seeking to condemn a site for a city prison, and the question of its power to do so arose upon the construction of the special charter of the city. The charter did not require the erection of a city prison, though authority was given to the city council to erect and establish a work-house. Authority to appropriate property for this purpose was sought to be derived from the fourth article of the charter, which provided that the city council should have power "to acquire, to open and to lay out public grounds or squares, streets, alleys and highways, and to alter, widen, contract, straighten and discontinue the same. * * * They shall cause all streets, alleys and highways, or public squares or grounds laid out by them, to be surveyed, described and recorded in a book to be kept by the clerk, showing accurately and particularly the proposed improvements and the real estate required to be taken, and the same, when opened and made, shall be public highways and public squares." It was held that a grant to a municipal corporation of the power to condemn private property for a specific purpose must be confined to the purpose named, and that the provision of the charter authorizing the city to condemn lands for streets, alleys, lanes, highways, public squares and grounds, for the travel and com-

mon use and enjoyment of the entire public, did not include the power to condemn private property for a city prison.

It is argued that the property sought to be condemned is not necessary for the use of the county; that the county had a jail which was in use at the time the petition was filed; that it had other property on which the jail could be located, and still other property had been offered to it as a site for the jail. Where the power to condemn property exists, the courts will not inquire into the necessity or propriety of its exercise. Courts have the right to determine whether or not the use for which private property is proposed to be taken is public, but the right to determine whether or not the right to take the property shall be exercised is a legislative question, with which the court has no concern. (*Chicago, Rock Island and Pacific Railroad Co.* v. *Town of Lake,* 71 Ill. 333; *Schuster* v. *Sanitary District,* 177 id. 626.) The statutory conditions necessary to the exercise of the right of eminent domain in this case were, that the petitioner was a municipal corporation, that it had resolved to build the jail on the premises proposed to be taken, and that it had been unable to agree with the owners upon the compensation to be paid. The county board was required to provide and keep in repair a suitable jail. What was a suitable jail, whether it should repair the old jail or build a new one, its location, size and cost, and the kind and quality of its materials, were all questions which were committed to the decision of the county board, into which the courts cannot inquire. *People* v. *LaSalle County, supra; Andrews* v. *Knox County, supra.*

The appellants object that it is essential to allege and prove that the petitioner cannot agree with the owners upon the compensation to be paid, and that the evidence shows that they could agree with Prentiss and that Wolff was negotiating with the county when the petition was filed. Whether or not the petitioner could agree with Prentiss did not affect the appellants. Wolff had declined to accept the

offer of the county, and while it is true that he stated that he could not give an answer within a week, the county board was not compelled to wait that length of time. If he would not accept the offer, that was a failure to agree.

The court refused to permit the counsel for appellants, while examining the jury, to ask a juror who stated that he had no knowledge of the value of property in Aledo, if he would take the evidence introduced on the witness stand and the law as given by the court and render a verdict on that evidence and that law alone. The question was improper, if for no other reason because the statute authorizes a view of the premises by the jury, and the jury may rely upon their own observation thus made, in connection with the evidence introduced on the witness stand. *Pittsburg, Fort Wayne and Chicago Railway Co.* v. *Lyons,* 159 Ill. 576; *Indiana, Illinois and Iowa Railroad Co.* v. *Stauber,* 185 id. 9.

Complaint is made of the denial of appellants' motion for separate trials. The statute authorizes the compensation for separate parcels of property to be assessed by the same jury or by different juries, as the court or judge may direct, and no abuse of the discretion thus conferred is shown. *Concordia Cemetery Ass.* v. *Railroad Co.* 121 Ill. 199.

The venire issued was quashed on the appellants' motion and the court ordered another jury drawn in accordance with section 6 of the Eminent Domain act, and a venire issued returnable two days later. The appellants objected to the venire being made returnable within less than ten days, but the court overruled the objection and appellants excepted. No motion was made before the trial to quash this venire, but the parties proceeded with the empaneling of the jury without objection. Whatever objection there may have been to the venire was therefore waived, but in view of the provision of section 7 of the Eminent Domain act directing the issue of another venire returnable instanter if the panel be not full, by reason of non-attendance or be

exhausted by challenges, the court did not err in making the venire returnable two days after its issue.

It is objected that the evidence does not show that the finances of the county would justify the building of the jail. The decision of this question by the county board was conclusive, and it was not a proper subject of inquiry by the court.

The appellants offered to prove by the assessor's book the assessed value of the property for 1907. The evidence was incompetent. The assessor might have testified to his judgment of its value, but the amount at which he assessed it was immaterial.

The following instruction was asked by the appellants and refused:

"The court instructs the jury in this case, that if they have no personal knowledge of the values of real estate in the vicinity of the property in question in this suit, then, in determining the amount of damages to be awarded to the defendants, you shall consider the testimony of the witnesses produced in court, and from that alone determine the amount of the damages to be awarded."

The jury viewed the premises. Their conclusions drawn from such view are in the nature of evidence, and what they learn from their examination of the premises may be considered by them in passing upon the testimony of the witnesses. (*Lanquist* v. *City of Chicago*, 200 Ill. 69.) The instruction was therefore properly refused.

Appellants claim that the amount of the verdict is inadequate and opposed to the weight of the evidence. The jury viewed the premises and the evidence is within the range of the testimony, which was conflicting. We cannot say that it is not supportd by the evidence. *Lanquist* v. *City of Chicago, supra; Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 Ill. 547.

The judgment will be affirmed.    *Judgment affirmed.*