THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Petitioner-Appellant, *v.* SADIE COHEN *et al.*, Defendants-Appellees.

(No. 72-116;

Third District—December 21, 1972.

Tim Swain II, of Peoria, for appellant.

John E. Cassidy, Sr., of Peoria, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The petitioner on behalf of the People of the State of Illinois filed a condemnation action against the defendants, Sadie Cohen and Lillian Cohen, the owners of a 2.018 acre tract of real estate located in the city of Peoria and which was the subject matter of this suit. After trial an award of $85,000.00 was returned by the jury upon which the court entered judgment from which this appeal stems.

The issue presented for review is whether the trial court ruled correctly on certain objections to evidence. It is apparent from the record and the oral argument of counsel before this court that petitioner prior to trial presented to the trial judge in chambers a motion *in limine* which sought to exclude all references during the course of the trial to tax evaluation, assessment or amounts paid on the property subject to condemnation. Some argument regarding the applicable law ensued, but the trial court made no ruling on the motion and the same through inadvertence or for some other reason unknown to us was never filed. On cross-examination of petitioner's witness Kienzler, an appraiser, counsel for the defendants established that the amount of taxes paid on the property was a factor which he considered in making his appraisal as to evaluation. On cross-examination of petitioner's witness Bontjes, it was established by counsel for the defendants that the amount of taxes paid was not a factor relied upon in arriving at his evaluation of the property. Petitioner's objection to this type of testimony was overruled by the trial court.

During a conference outside the presence of the jury counsel for the defendants informed the court that he desired to ask of his witnesses whether or not they included the amount of taxes paid on the real estate as a factor in their formation of their opinion as to the value of the property and if so, the amount of taxes paid. This request was objected to by the petitioner on the ground that testimony regarding the amount of taxes paid would be a prejudicial element for the jury to consider. After considerable argument in chambers on this matter it was the trial court's ruling that such questions could be asked by counsel for the defendants and the answers thereto received by the jury.

Counsel for defendants then called as a witness a Mr. McDonald, a

real estate broker and appraiser, and upon direct examination the following colloquy ensued:

"I studied this situation over a period of six months in reaching my opinion of the value.

Q. And in that study, you may state whether or not you determined what the taxes, the real estate taxes on this property were, for the year 1970?

A. Yes, sir.

Q. And what were the taxes on this piece of property for the year 1970?

A. Two thousand eight hundred and some odd dollars."

Mr. Heilman, a real estate broker, was next called by the defendants and upon direct examination the matter as to the amount of real estate taxes paid was elicited in the following manner:

"Q. Did you know—during your study of the situation, in the processing toward that opinion, you may state whether or not you determined the taxes for the calendar year 1970?

A. As a practical matter, I always check taxes on any property that I'm appraising and I did determine them.

Q. Will you keep your voice up.

A. The general amount of the taxes on that property.

Q. And what were they, how much taxes payable for the calendar year 1970?

A. As I recall, about $2,800, somewhere right in that area."

██ We have set forth in detail the sequence of events regarding the testimony adduced as to taxes and the objections thereto since it is the contention of the defendants that the petitioner did not preserve its objection to such testimony by making timely and proper objection. With this contention we cannot agree. It is conceded by both the petitioner and the defendants that the petitioner anticipated difficulty in regard to testimony as to taxation of the real estate and attempted to preclude it by presenting to the court a motion *in limine*. The trial court failed to make a ruling on this motion, nor was there a file mark affixed to it, nevertheless it indicates that prior to trial the petitioner made its position known regarding such evidence. The record discloses that the petitioner timely objected to the testimony of the witness Kienzler as to the amount of taxes being a factor which he considered in making his appraisal. Outside the presence of the jury the petitioner strongly objected to the defendants' request that they be permitted to adduce testimony as to the amount of the taxes paid on the property, but the objections were overruled by the court. We can only conclude that the petitioner did all that could be

reasonably expected of a party in order to exclude what it deemed to be inadmissible evidence. To require the petitioner to maintain a continuous line of objections to testimony regarding the taxation aspects of the property would be requiring a party to engage in an exercise of futility. We further cannot agree with the defendants' contention that the petitioner failed to state with particularity any ruling of the trial court which denied objections to evidence concerning the amount of taxes paid upon the property. The record discloses that the petitioner not only specifically set forth as grounds for a new trial the introduction, over objection, of evidence with relation to real estate taxation, but in addition supported the motion with a detailed memorandum of law.

We now direct our attention to the question as to whether or not evidence as to the amount of taxes paid on real estate subject to condemnation is admissible in an eminent domain proceedings. We know of no Illinois decision that has answered this precise question.

■■ It has long been the law of our state that in a condemnation proceedings an assessor's return of real estate for taxation is not admissible as against the owner to show the value of the property, where the valuation was made by the assessor, and was in no way under the control of the owner. (*Lewis v. Englewood Elevated R.R. Co.*, 223 Ill. 223, 79 N.E. 44.) We are cognizant of the fact that in the *Lewis* case our supreme court in its opinion set forth the following conjecture: "If the proof had been limited to the amount of taxes paid on the property, the question might not have been a serious one." However, this statement of the court can in no way be interpreted as being determinative of the issue presented to us in the present case. We believe we have properly described the court's statement when we refer to it as a "conjecture."

The reasoning in support of our supreme court's ruling in *Lewis* that an assessor's return of real estate for taxation is not admissible in evidence is that it cannot be construed as an admission by the owners as against their interest in the property. The court noted that in the case of personal property an owner is required to place a valuation upon it, but that no such requirement is present in the case of real property. On the contrary the assessor is required by the Revenue Code to personally or by his deputy to view the real estate and to determine its valuation for tax purposes. The valuation arrived at in such a manner can in no way thereafter be held to be an admission by the owner.

■■ The holding based on the reasoning set forth in *Lewis* has been consistently followed by our reviewing courts. (See *Mercer County v. Wolff*, 237 Ill. 74, 86 N.E. 708; *City of Chicago v. Harrison-Halsted Building Corp.*, 11 Ill.2d 431, 143 N.E.2d 40.) In the cases we have cited it should be noted that an assessor is not *per se* objectionable as a witness

in a condemnation proceedings since he may well testify as to his judgment concerning the value of the land, but he is not permitted to testify as to its assessed valuation for taxation purposes.

Since the assessed valuation of the property for taxation purposes is not admissible in evidence, we find it impossible to justify an admission into evidence the exact amount of taxes paid on the property. The actual tax paid is a derivative of the assessed valuation established by an assessor over which the owner had no control or influence. Such evidence, like the assessor's evaluation, cannot be construed as an admission against interest. We further are of the opinion that the amount of taxes paid on property subject to condemnation is incompetent evidence of value in that it is common knowledge that property is not assessed for tax purposes at its true market value but instead for the purpose of satisfying the revenue demands of various tax supported bodies. We fail to find any distinction between the admissibility of the assessor's tax assessment and the actual amount of tax paid. The language in the case of *United States v. Certain Parcels of Land in the County of Arlington, State of Virginia,* 261 F.2d 287, while referring to assessed valuation, is equally applicable in the instant case. In that case the Circuit Court of Appeals stated:

> "Aside from the general unreliability of tax assessments as an indication of market value, which ought to make them suspect in any case, the assessing officials are representatives of the public. The power of a tax official to bind the public is limited, and what he does for purposes of taxation, should not be binding upon the public, or prejudicial to the public interest, when other public officials are engaged in the performance of a very different public function in an unrelated field. Though the tax official may purport to use market value as the criterion of assessed value, his primary concern is with relative not absolute, values,  *  *  *."

■■ We hold this language applicable in the case before us since evidence as to the amount of taxes paid is synonymous with assessed valuation. With few exceptions our society is extremely tax conscious and has an awareness of "tax rates" and how when applied to "assessed valuation" result in a final tax bill. While not concerned with a condemnation proceedings various jurisdictions have held that value of real estate cannot be shown by the amount of taxes paid. See *Allard v. LaPlain,* 130 A. 737; *Morrison v. Culver's Estate,* (Iowa), 248 N.W. 237; *Jackson v. Goldberg,* 283 S.W. 860.

■■ That the amount of taxes paid in the instant case were in the opinion of the petitioner higher than they should have been is immaterial to the underlying harm resulting from the admission of such evidence. In

most instances assessed valuation of their property deduced from the amount of taxes paid would in the defendant's opinion be too low. Regardless of whether the argument is that the evaluation is too low or too high, its admission directly or by deduction is fraught with danger, for the jury would be receiving an unreliable and unrelated standard which could be used in making their determination of the property's true market value.

Having determined that prejudicial error was committed in permitting testimony as to the amount of taxes paid on the property subject to condemnation it becomes unnecessary for us to consider the other matters assigned as error and therefore, for the reasons set forth, the judgment of the circuit court of Peoria County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

STOUDER, P. J., and DIXON, J., concur.