LOLA BROWN *et al.*, Plaintiffs-Appellants, v. THE CITY OF GREEN-
VILLE, Defendant-Appellee.

Fifth District No. 5—90—0270

Opinion filed October 3, 1990.

Robert J. Selsor, of St. Louis, Missouri, for appellants.

Meyer & Meyer, of Greenville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

On April 16, 1990, plaintiffs, Frank Davis, Cornelia Davis and Louisa Randazzo, were allowed to withdraw their suit by order of the circuit court of Bond County. The remaining plaintiffs appeal the order of the trial court entered on April 5, 1990, denying plaintiffs' request for preliminary injunction and ordering that the temporary restraining order previously entered be set aside.

The salient facts of this litigation may be stated briefly as the parties are in basic agreement with the trial court's findings of fact. The defendant-appellee City of Greenville was negotiating for the purchase of 204 acres from private persons for a purchase price of $877,200. After obtaining title to the subject real estate, the City of Greenville intended to convey it, without legal consideration, to

the United States of America for the use of the Department of Justice Bureau of Prisons with the understanding that a Federal prison facility would thereafter be constructed and operated thereon. The real estate was annexed to the City of Greenville, a non-home-rule municipality.

The plaintiffs filed their verified complaint on March 12, 1990, and a temporary restraining order was entered by the court on the same date enjoining the defendant and its officers from closing on the purchase of real property and disbursing any funds for such purpose. The gravamen of plaintiffs' complaint was that defendant does not have authority to convey real estate to the Federal government and that any action by the city in furtherance of that purpose is illegal and void. The plaintiffs prayed in their complaint for a preliminary injunction enjoining the defendant from closing on the purchase of the subject real estate. As previously stated, the trial court entered an order denying the preliminary injunction and the plaintiffs appeal pursuant to Supreme Court Rule 307 (107 Ill. 2d R. 307).

The sole issue on appeal is whether the defendant, a non-home-rule municipality, has authority to purchase, hold and convey real estate to the United States so that a Federal correctional facility may be built thereon.

■■ Article VII, section 7, of the Illinois Constitution provides that "[c]ounties and municipalities which are not home rule units shall have only the powers granted to them by law." (Ill. Const. 1970, art. VII, §7.) This means that the Illinois Constitution provides that local governmental non-home-rule units as creatures of the State have only the powers that are affirmatively granted to them by the General Assembly. (See *Arms v. City of Chicago* (1924), 314 Ill. 316, 145 N.E. 407.) Because of this, the plaintiffs correctly argue in their brief that there must be express authority which would enable the City of Greenville to implement the plan to provide real estate for a prison facility. We must therefore determine if there is a statute providing such express authority.

■■ The trial court in its order denying the preliminary injunction refers to at least one statute that does grant the required authority to the defendant City of Greenville. The trial court relied in part upon section 11—77—1(1) of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 11—77—1(1)), which provides:

"The corporate authorities in every municipality, incorporated under any law of this state, have the power, by ordinance:

(1) To convey, grant, transfer, or sell to the United States of America, or to any proper agency thereof, any real or personal property owned by the municipality, upon such terms as may be agreed upon by the corporate authorities, or in consideration of a grant or loan of money by the United States of America, or any agency thereof, for the construction, extension, or improvement of any public works project or municipal building."

The term "public work" has been used in Illinois to describe the building of a jail. (*County of Mercer v. Wolff* (1908), 237 Ill. 74, 78.) In the context of a public work, we see no difference between a jail and any other prison facility because all such facilities are public necessities. Because the case *sub judice* thus involves a proposed grant to the United States of America of real property by a municipality upon its terms for the construction of a public works project, the statute fits this case.

■ The decision to grant or deny a preliminary injunction rests in the sound discretion of the trial judge, and appellate review is restricted to a determination of whether the trial court correctly exercised its broad discretionary powers. (*Rao v. St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis* (1986), 140 Ill. App. 3d 442, 456, 488 N.E.2d 685, 694.) We cannot say that the denial of the preliminary injunction on the facts and under the law in this case was an abuse of discretion.

For these reasons, the order of the circuit court of Bond County denying the preliminary injunction and terminating the temporary restraining order is affirmed.

Affirmed.

CHAPMAN and WELCH, JJ., concur.