## Joseph Ross v. The City of Chicago.

1. DAMAGES—*To Property by the Improvements of Streets.*—Where property is injured by the elevation of railroad tracks and the depression of a street in making improvements, the measure of damages is the difference between the value of the property just prior to the time of the commencement of such improvements and just after their completion.

Trespass on the Case:—Damage to property by the improvements of streets. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 24, 1900.

SAMUEL J. HOWE, attorney for appellant.

CHARLES M. WALKER and THOMAS J. SUTHERLAND, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

Appellant is the owner of certain lots in the city of Chicago with the improvements thereon. Said lots front on La Salle street at the southeast corner of that street and

Ross v. City of Chicago.

Thirty-first street.    Next east of said lots is an alley and immediately east of said alley are certain railroad tracks. This suit was instituted by appellant to recover from appellee damages alleged to have resulted from the elevation of said railroad tracks by direction of said city and the depression of Thirty-first street by said city, so as to permit vehicles to pass under said tracks as elevated.

The question of fact in the case is whether the property of appellant was injured by the making of said improvements, *i. e.*, in the change in the elevation of said tracks and the depression of said street.    The evidence upon that point was, as is usual in such cases, very conflicting.    There were quite a number of witnesses called by each party. Those called by appellant testified that the property was damaged, some stating as high as $8,000, and those called by appellee testified that the property was not damaged, some stating that it was greatly benefited.    Under such conditions the verdict of the jury is conclusive upon this court as to this question of fact.    Unless there was some error of law the judgment must be affirmed.

The following instructions were asked by appellant, and the court refused to give them, viz. :

1.    " The court instructs the jury that the fact, if it be a fact, that the elevation of the railroad tracks was highly beneficial to the city of Chicago, or the public at large, is wholly immaterial to any issue in this case."

2.    " The court instructs the jury that under the law of this State private property can not be taken or damaged for public use without due compensation being made therefor."

The instructions which were given at the instance of appellant were not shown in the abstract and we might therefore decline to consider these two.    But there was no error in rejecting them.

The testimony did not present to the jury the question involved in the first refused instruction.    The testimony as to the use of the street by the public was only as to the effect of said improvements and use of the street upon the property of appellant.    There was no contention and no testimony

as to any claim of benefits to the city or the public at large. There was no evidence to support that instruction.

The second refused instruction states an abstract proposition of law, but was wholly immaterial. The question was submitted to the jury as to whether appellant's property was damaged by the improvement, and if so, how much. It was not error to refuse to give that instruction.

The question of damages was limited by the court to the value of the property just prior to the time the making of said improvements was commenced, and just after they were completed. The ordinance directing the making of said improvements was passed nearly a year before the making of the same was commenced. It is claimed by counsel for appellant, that the difference in value between the date of the passing of the ordinance and the completion of the improvement is the correct measure of damages. We do not concur in this contention. Counsel does not cite a single authority to support his contention, and we shall not cite any to support our conclusion.

There is nothing in the acts of the trial judge, which are commented upon at length by counsel, which warrants this court in reversing the judgment of the court below.

The judgment of the Circuit Court is affirmed.