WILLIAM MILLER, Appellee, vs. THE SANITARY DISTRICT OF CHICAGO, Appellant.

*Opinion filed October 26, 1909—Rehearing denied Dec. 16, 1909.*

1. APPEALS AND ERRORS—*when an alleged error in sustaining demurrer to a plea is harmless.* Alleged error in sustaining a demurrer to a plea of *liberum tenementum* in an action on the case is harmless, where all the evidence which would have been admissible under such plea was admitted under the general issue.

2. WATERS—*meander line of Desplaines river is not boundary line.* The meander line of the Desplaines river is not a boundary line, and riparian owners on said stream who obtained title under the law of 1843 own the land to the thread of the stream. (*People v. Economy Light and Power Co.* 241 Ill. 290, followed.)

3. SAME—*payment of judgment for overflowing lands does not entitle defendant to land itself.* In an action on the case where the plaintiff claims and recovers the full value of the land overflowed by the act of the defendant sanitary district, the payment of the judgment will preclude any future recovery for the same cause and will give the defendant the right to continue such overflow without making further compensation, but the defendant is not entitled to be vested with the fee simple title to the land upon payment of the judgment.

4. SOLICITORS' FEES—*provision of Sanitary District act for attorney's fees in suits for overflow is valid.* The provision of the Sanitary District act authorizing a recovery of attorney's fees by the plaintiff in an action against the district for damage caused by overflowing his lands is constitutional. (*Sanitary District v. Ray,* 199 Ill. 63, followed.)

5. SAME—*when notice is sufficient to entitle plaintiff to attorney's fees.* Under section 19 of the Sanitary District act of 1889 a notice given sixty days before suit, which is sufficient in its description of the land to enable the officers of the sanitary district to locate and examine the premises with a view to settlement of the owner's claim for damages, is all that the statute requires with respect to such description.

APPEAL from the Circuit Court of Will county; the Hon. A. O. MARSHALL, Judge, presiding.

JOHN C. WILLIAMS, and P. C. HALEY, for appellant.

KNOX & AKIN, for appellee.

242—21

Mr. JUSTICE VICKERS delivered the opinion of the court:

William Miller, the appellee, brought this action on the case against the Sanitary District of Chicago to recover damages resulting from overflowing a large area of appellee's land by the waters brought into the Desplaines river by the main channel of appellant. Appellant interposed a plea of the general issue and a number of special pleas, among the latter a plea of *liberum tenementum,* to which the court sustained a demurrer on the ground that such plea amounted to the general issue. The cause was tried upon the issue joined, upon the pleas of the Statute of Limitations and the general issue. A verdict was rendered in favor of appellee for $4664, upon which the court entered judgment after overruling appellant's motion for a new trial. The court allowed $700 as cost for appellee's attorney fees. After the motion for a new trial had been overruled the appellant entered its motion to direct the clerk to include in the judgment a provision that upon the payment of the amount of the judgment the title and fee should become vested in appellant, which motion the court overruled and denied.

The errors relied upon in appellant's brief for reversal are: First, that the court erred in sustaining the demurrer to the plea of *liberum tenementum;* second, that the court erred in denying appellant's application to direct the clerk to include in the judgment a provision vesting the fee in the premises in appellant upon the payment of the judgment; third, that the damages are excessive; fourth, that the court erred in allowing attorney fees to be taxed as cost against appellant.

The declaration originally consisted of four counts, and subsequently two additional counts were filed by leave of court. The court directed the jury to disregard all of the counts of the declaration except the fourth original and the second additional counts. These counts, which are in substance the same, aver, in substance, that at the time of the

committing of the grievances thereinafter mentioned, appellee was the owner and lawfully possessed of the northeast quarter, and of that portion of the south-east quarter and also that portion of the east half of the south-west quarter lying north and west of the Desplaines river, of said section 35, the south-east side or portion of which said land or premises was next to and upon the Desplaines river; that appellant was a municipal corporation organized under the laws of the State of Illinois and invested with certain powers and duties under and by virtue of the statutes of this State creating said sanitary district and the various amendments thereto, and was, among other things, authorized and empowered to provide for the drainage of said district by laying out, establishing, constructing and maintaining one or more main channels, drains, ditches and outlets for carrying off and disposing of the drainage, including sewage, of the said district, and that, among other things, it was provided in and by said statutes and amendments that said sanitary district should be liable for all damages to real estate outside of the said sanitary district which should be overflowed or otherwise damaged by reason of the construction and enlargement or use of any such channel, ditch, drain, outlet or other improvement; that appellant built and constructed divers permanent ditches, drains, channels and embankments and other improvements for the purpose of the drainage of said sanitary district, including the sewage thereof, and for the purpose of causing the waters of Lake Michigan to flow down the channel of the Desplaines river, and that appellant, by means of and for the purposes aforesaid, had caused to be permanently discharged into the said Desplaines river, above the property of appellee, a large stream of water and sewage which before that time was not accustomed to flow in said Desplaines river, and that by reason of the premises portions of the land and premises of appellee above described, to-wit, seventy acres thereof, were permanently overflowed,

submerged and rendered wet and unfit for use, and were and since have remained under water, so that appellee was entirely deprived of the use of the same, and the same were and are permanently injured and diminished in value and rendered unsalable and incapable of use for any beneficial purpose, within the meaning of the constitution and laws of the State of Illinois, and to the damage of the plaintiff in the sum of $8000, but that appellant had never paid or offered to pay to the appellee any of the damages so wrongfully and unjustly caused to said property and to appellee.

The evidence proves the following facts: That the premises in question were originally a part of the lands granted by the Federal government to the State of Illinois to aid in the construction of the Illinois and Michigan canal; that said lands were sold by the canal commissioners, and that appellee by a regular chain of conveyances is the present owner of the premises; that these premises are located upon the Desplaines river, in Will county, some five or six miles below Lockport, where the main channel of the sanitary district empties into the Desplaines river; that the effect of constructing the sanitary district channel and connecting the same with the Desplaines river was to raise the permanent water level in said river approximately two feet above its natural stage; that prior to the time the water was turned into the sanitary district channel about fourteen acres of appellee's land were submerged, and that after the water was turned into the channel forty-four additional acres were covered with water, so that the land was rendered practically valueless. While the evidence was quite conflicting as to the value of the land submerged, the finding of the jury of $106 per acre for the forty-four acres is supported by the evidence of numerous witnesses.

*First*—Appellant contends that the court erred in sustaining the demurrer to its plea of *liberum tenementum.* Without stopping to consider whether this plea is a proper

plea in actions of this kind where the declaration specifically describes the *locus in quo,* appellant was not prejudiced by the ruling of the court in this regard, since all of the evidence which would have been admissible under any issue formed upon said plea was admitted under the general issue. Another reason may be suggested in support of the ruling of the court on this demurrer. The substance of the so-called plea of *liberum tenementum* is, that there is a large portion of the premises described in the declaration which was outside of the meander line of the Desplaines river, and that when the State sold the premises in question the boundary thereof on the side next to the river was the meander line, and that the State of Illinois owned the bed of the Desplaines river, including all the land adjacent thereto which was outside the meander line. The appellant claims that the evidence shows that there are twenty-seven acres of the submerged land outside of the meander line and which did not belong to appellee. In the case of *People ex rel.* v. *Economy Light and Power Co.* 241 Ill. 290, we had occasion to consider this question, and it is there held that the meander line of the Desplaines river is not a boundary line, and that the riparian owners on said stream who obtained title under the law of 1843 own the land to the thread of the stream. The trustees of the Illinois and Michigan canal sold the premises involved in this suit under that law. It follows that the facts set up in appellant's plea were insufficient to show that appellee was not the owner of all of the premises described in his declaration.

*Second*—Appellant contends that the court erred in refusing to direct the clerk to include in the judgment an order providing that upon the payment of the judgment appellant should have and own the title in fee simple to the premises submerged. This contention is based on the supposed analogy existing between an action of this character, where the plaintiff claims the full value of the premises, and the assessment of damages under the Eminent Domain

law allowed for lands which are taken for the public use. Without considering or deciding whether the sanitary district would obtain the fee or only an easement by a condemnation proceeding under the Eminent Domain law, we are of the opinion that in no event could the court compel a conveyance in this suit, which is an action at law for damages. No doubt the payment of this judgment will justify the sanitary district in continuing to flow these lands without any danger of being harassed with other suits for damages. In such cases the recovery is held to be in full compensation for all present and future damages and one recovery will bar any subsequent action for the same cause. (*Chicago and Eastern Illinois Railroad Co.* v. *Loeb,* 118 Ill. 203.) The sanitary district therefore will acquire, by the payment of this judgment, the right to continue to flow the surface of these premises without making further compensation. There was no error in refusing the appellant's request.

*Third*—Appellant's next contention is that the damages awarded by the jury were excessive. The evidence, as already stated, on this question was conflicting. Some of the witnesses fixed the damages as high as $125 per acre, while others fixed it very much lower. Quite a number of witnesses stated that the premises flooded were worth $100 per acre. We see no reason for the claim that the verdict was the result of passion or prejudice. No useful purpose would be served by setting out the evidence in detail upon this subject. We are satisfied that the verdict is well within the range of the evidence.

*Fourth*—Appellant's final contention is that the court erred in allowing appellee attorney fees. Two objections are suggested to this order. It is contended that the statute authorizing the allowance of attorney fees in cases of this kind is unconstitutional under section 22 of article 4 of our constitution, which inhibits special legislation. This question was presented in *Sanitary District* v. *Ray,* 199 Ill.

63, and decided adversely to appellant's contention.   The second point urged why the court should not have allowed attorney fees is, that the notice given in this case sixty days before the bringing of the suit did not describe the location of the premises damaged with sufficient certainty.   The statute does not require a particular and definite location of the premises alleged to be damaged.   The notice, which is sufficient in this regard to enable the officers of the sanitary district to locate and examine the premises with a view to a settlement, would seem to be all that the statutes require. The notice given in this case fully meets such requirement.

Finding no error in this record the judgment of the court below is affirmed.                    *Judgment affirmed.*