Fred W. Holm and Bertha Holm, on Appeal of Fred W. Holm, Appellant, v. County of Cook et al., on Appeal of County of Cook, Appellee.

Gen. No. 37,964.

Opinion filed December 30, 1935.

COBURN, KEARNEY & COBURN, of Chicago, for appellant; JOHN J. COBURN, of counsel.

THOMAS J. COURTNEY, State's Attorney, for appellee; HAYDEN N. BELL, JACOB SHAMBERG, WILLIAM P. KEARNEY, WILLIAM T. CRILLY and GERALD E. HORNIDGE, Assistant State's Attorneys, of counsel.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

February 3, 1928, plaintiffs, Fred W. Holm and Bertha Holm, brought an action of trespass against defendant, County of Cook, for damages for injuries to their land and the destruction of their crops by sewage from the Oak Forest Infirmary, a public institution owned and maintained by defendant. When it was disclosed that Fred W. Holm was the sole owner of the

premises involved, Bertha Holm.was dismissed as a party plaintiff. A verdict against defendant for $1,750 was returned by the jury May 16, 1934. On defendant's motion the trial court on June 9, 1934, entered judgment for the defendant and against plaintiff notwithstanding the verdict. This appeal followed.

Plaintiff's declaration alleged substantially that the County of Cook was a municipal corporation, managed and controlled by the county commissioners of Cook County; that for five years next preceding the commencement of this suit plaintiff owned and was possessed of certain land described therein and was entitled to the undisturbed occupation of same, together with all of its rents, profits, crops and emoluments; that the County of Cook maintained a public institution known as the Oak Forest Infirmary upon a large tract of neighboring land west of his premises, where it had erected necessary buildings and accommodations for the care of its 6,000 inmates; that for all of said five years defendant allowed the noxious, stinking and poisonous sewage in great volume from the buildings and grounds of this institution to flow upon the land of plaintiff; that it flowed upon his farm and destroyed certain of his growing crops; and that in so doing defendant "has trespassed upon plaintiff's premises, appropriated and damaged the same for a public purpose without the consent of the plaintiff, and without paying any compensation therefor, and contrary to the rights of the plaintiff in the premises, guaranteed by the Constitution of the State of Illinois, which provides that his property should not be taken or damaged for public purposes without just compensation."

After its demurrer to the declaration had been overruled, defendant filed a plea of the general issue and two special pleas, of which reliance is placed only upon the following:

"And for a further plea in this behalf, the defendant says that the plaintiffs ought not to have their afore-

said action against it, the defendant, because it says that the plaintiffs heretofore impleaded it, the defendant, in the Circuit Court of the said County of Cook, to the April term of the said court, in the year 1915, in a certain plea of trespass on the case on promises, to the damage of the plaintiffs of $10,000.00, for taking and using the very same land in the declaration mentioned; and such proceedings were thereupon had in that plea, that afterwards on April 10, 1920, by the consideration and judgment of the same court, the plaintiffs recovered against the defendant the sum of $12,500 damages, as well as the costs of the plaintiffs in that behalf, whereof the defendant was convicted, as by the record thereof still remaining in the same court more fully appears; which said judgment still remains in full force. And this defendant is ready to verify by the said record: Wherefore it prays judgment if the plaintiffs ought to have their aforesaid action, etc.''

The undisputed evidence shows that sewage from the defendant's infirmary overflowed a portion of plaintiff's farm, destroying 20 acres of his yearly crop for the five years alleged, with resulting damage to plaintiff of nearly twice the amount of the jury's verdict.

On the trial of this cause defendant introduced in evidence the pleadings in a prior action between the same parties and the judgment therein against defendant for $12,500, which was averred in its special plea as a bar to this action. The land described in the instant case was included in the description of the land involved in plaintiff's former action against defendant, wherein his declaration filed April 9, 1915, alleged substantially the same facts as to the erection and maintenance of the Oak Forest Infirmary by the county; that defendant took and used plaintiff's farm tiling and a right-of-way across his premises for the disposition of the sewage of the infirmary; and that plaintiff's land and improvements were decreased in value

by reason of said taking and using as a matter of public necessity. It is admitted that the judgment for $12,500 in the former action, after it was affirmed by this court and certiorari denied by the Supreme Court, was paid. It was on the basis of this former recovery and satisfaction that the trial court entered the judgment for defendant, notwithstanding the verdict of the jury.

Plaintiff contends that a former recovery in an action of trespass against the county is not a bar to his recovery for a second trespass.

Defendant's theory is "that, since it is liable in a tort action only when it has *taken* or *damaged* land, then when it has *taken* or *damaged* land and paid for such appropriation, it thereby acquires an absolute right to continue to dominate the land for the same uses and purposes forever afterward."

Plaintiff urges that "it would be very disastrous and far-reaching if it were the law that a trespasser, by reason of his trespass upon the property of another, obtained a legal right or title or interest in the property of the owner by reason of his wrongful and unlawful act, and the aggrieved owner could not thereafter recover for any subsequent trespass."

It is sufficient answer to this argument to state that plaintiff predicates and he must predicate the county's liability entirely and solely on the constitutional provision that, "Private property shall not be *taken* or *damaged* for public use without just compensation" (sec. 13, art. 2, Constitution of the State of Illinois) which contemplates only one recovery for all past, present and future damages.

Plaintiff's argument as above set forth would possess merit and force if his former suit and the instant action were against a private individual or corporation and for damages caused by a temporary nuisance.

However, his former action not only was brought under the above constitutional provision, but he alleged permanent injury in that defendant did "take and use the said farm tiling of this plaintiff and the right-of-way across the plaintiff's premises for the disposition of the said sewage into the ditch of the said Calumet Drainage District, for a public purpose, and wrongfully, without making any just compensation to the plaintiff"; that said sewage "has so sealed and filled the pores in the said tiling, that the same is wholly destroyed for the use for which it was intended, namely, of absorbing the moisture in the soil of plaintiff's lands, and that the various chemicals and moisture in said sewage, has leaked into and leaks through the soil of the plaintiff so as to saturate the same and render the same unfit for the purpose of cultivation, and incapable of producing vegetation." That this court in its opinion affirming the $12,500 judgment in the former case (*Holm v. County of Cook,* 213 Ill. App. 1) considered the injuries alleged to have been sustained by plaintiff as permanent is apparent from the following language of the court on pp. 4 and 5:

"It will be seen, from an examination of the declaration, that when defendant constructed the said Oak Forest Infirmary, it contemplated that all sewerage was to be conducted from its lands into the Calumet Drainage District Ditch, by means of plaintiff's said tiling system, which was in fact done. Such action was tantamount to an appropriation not only of plaintiff's lands for this purpose, but also the tiling system which plaintiff had laid for purposes entirely foreign to the one to which defendant put it. While it is true, as argued by defendant, that the servient estate must yield to the dominant one in carrying off surface waters, etc., yet such right cannot be enlarged to permit the defendants herein to unlawfully appropriate plaintiff's said tiling system for the purpose of conducting

the entire sewerage of the institution in question through plaintiff's lands. In our opinion, plaintiff's declaration sets up a state of facts from which it appears that his said property has been both taken and damaged for public use without compensation.''

In the recent case of *Roe v. County of Cook,* 358 Ill. 568, in passing upon the right to sue the county for taking or damaging private property for public use without just compensation, quoting from *Illinois Power & Light Corp. v. Talbott,* 321 Ill. 538, the court said at pp. 572, 573:

'' 'The constitution, in prohibiting the taking or damaging of private property for public use without just compensation, recognizes the right of the owner of property damaged by a public work to recover the amount of such damages. This right may be asserted by the owner as a plaintiff in an action at law where none of his property is actually taken, or as a defendant to an eminent domain proceeding for the condemnation of property actually taken. (*County of Mercer v. Wolff,* 237 Ill. 74.) In either case the right to damages is the same, and its basis is the constitutional prohibition mentioned.' ''

In the *Roe* case the question was also raised as to the effect of the judgment on the county's future right to use the property damaged and the court said at p. 575:

''While the judgment may be somewhat excessive, we are powerless to afford any relief under the record. Its payment will secure the public right to continue to use the premises, as it will be considered as full compensation for all present and future damages and bar any subsequent action for the same cause. *Chicago & Eastern Illinois Railroad Co. v. Loeb,* 118 Ill. 203; *Miller v. Sanitary District,* 242 id. 321.''

In holding that only one proceeding for the recovery of damages was contemplated under the constitutional provision heretofore referred to, the following lan-

guage was used by the court in *Chicago & E. I. R. Co. v. Loeb,* 118 Ill. 203, 212–214:

"For the class of injuries here sued for,—injuries necessarily resulting from the operation of a railroad,—there was no remedy, as we understand, previous to the constitution of 1870. The constitution of 1848 provided only that private property should not be taken for public use without just compensation. The provision for the first time was incorporated in the constitution of 1870, that 'private property shall not be taken *or damaged,* for public use, without just compensation. Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law.' Before the adoption of the latter constitution, where there was land taken for public use, there was provision for compensation. But where there was other disconnected land not touched by the improvement, but damaged, merely, as complained of in this case, no compensation was provided. To meet this want, the clause of the constitution restrictive of the exercise of the power of eminent domain, provides that private property shall not be taken or damaged for public use without just compensation.

"We think it to be within the true intent and meaning of this provision as to damage, that there should be but one proceeding for recovery of damage, in which there should be recovery for the entire damage, past, present and future; that it should be similarly regarded, in this respect, as the provision in regard to the taking of property, where there is but one proceeding, and an assessment of compensation and damages once for all. The two provisions are coupled together, and are both in restriction of the exercise of the power of eminent domain. In respect to the awarding of compensation for the taking of private property for public use, Mills, in his work on Eminent Domain, sec. 216, says: 'The appraisement embraces all past, present

and future damages which the improvement may thereafter reasonably produce.' Had the railroad track in this case been laid over a portion of one of these lots, then, in the condemnation proceeding for the taking of such portion, compensation would have been assessed for the value of the portion thus taken, and for the damage to the residue of the lot not taken. Such assessment would have embraced all future damage. As well here, in this case of no taking of land, might all the damages, past and future, from the operation of the railroad, be assessed, as they might be to the remainder in such supposed case of the taking of a part of a piece of land. If there might be successive recoveries, from time to time, of the constantly recurring damages, then, as was said in the *Grabill case*, 'a similar recovery might be had at every term of the court, and in this shape the plaintiff might recover ten-fold the value of the property.' We do not think that this constitutional provision intended any such result,—that the just compensation given for the damaging of land might be greater than that for the taking of the land. . . .

''. . . the action for damage may be regarded as in the nature of one kind of condemnation proceeding.''

In the case of *Miller v. Sanitary District,* 242 Ill. 321, where the landowner sued to recover damages resulting from the overflowing of a large area of his land by water brought into the Desplaines River by the main channel of the sanitary district, and where the district contended that the judgment against it should include an order that upon its payment it should have and own the title in fee simple to the submerged land involved, the court obviously was compelled to reject this contention, but held at p. 326:

''No doubt the payment of this judgment will justify the sanitary district in continuing to flow these lands without any danger of being harassed with other suits

for damages. In such cases the recovery is held to be in full compensation for all present and future damages and one recovery will bar any subsequent action for the same cause. (*Chicago & Eastern Illinois Railroad Co. v. Loeb,* 118 Ill. 203.) The sanitary district therefore will acquire, by the payment of this judgment, the right to continue to flow the surface of these premises without making further compensation.''

The county's liability for damaging private property for public use exists only under the constitution and there can be only one recovery as has been shown. Since plaintiff has already recovered in his former action for the appropriation of the land involved in the instant case for the conduct of the sewage from the infirmary across and through it, he is barred from another recovery for the continued use of the land for the same purpose.

In the former suit plaintiff's declaration treated the nuisance as permanent and both parties to the proceeding, as well as this court in its opinion in that case, considered the county's conduct and action in causing the sewage to flow over and through plaintiff's land as a quasi-condemnation or permanent taking and appropriation of such an interest in his land as gave defendant the right to continue to use it as an outlet for its sewage, following the natural drainage of the land and as a matter of public necessity. Plaintiff received $12,500 for the use of his premises for this purpose by the county, and, in our opinion, is precluded under the law from recovering any further damages in this regard.

For the reasons indicated the judgment of the circuit court is affirmed.

*Judgment affirmed.*

SCANLAN, P. J., and FRIEND, J., concur.