(No. 1788—▉▉▉▉)

W. Jeff Horney and Frances Parke Horney, Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed January 12, 1937.*

Schlagenhauf & Schlagenhauf, for claimants.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

During the year 1924 the respondent constructed a hard-surfaced road known as S. B. I. Route No. 36, which extended in a northerly and southerly direction through Hancock County. At the time of the construction of such road, W. Jeff Horney was the owner of a tract of land containing 153 acres, more or less, situated on the west side of said roadway, just north of the south line of said Hancock County. On April 16th, 1929 said W. Jeff Horney conveyed said premises to the co-claimant, Frances Parke Horney, who now owns the same. Since the filing of the complaint herein, W. Jeff Horney died. His death has been suggested of record, and the cause proceeds with Frances Parke Horney as the sole claimant.

The property in question is improved with the usual farm buildings, and adjoins the west line of said roadway for a distance of approximately 210 rods. The land is low and level, and is not tile-drained. The natural drainage of claimant's land is to the north and east, and ultimately into a large drainage ditch 6,682 feet north of the south county line.

The highway in question has been maintained as a public highway for many years, first as an ordinary public highway, then as a State Aid Road, and finally as a hard-surfaced road. Prior to the construction of the hard-surfaced road, there were two right-angled jogs in the road at the southeast corner of the Horney land, but in constructing the hard road, a reverse curve was made at that point, and the jogs thereby eliminated. The crown elevation of the hard-surfaced roadway is substantially the same as in the previous roadway. There were four culverts with earth bottoms under the old roadway, and when such roadway was hard-surfaced, such culverts were replaced by new culverts of substantially the same size, placed in substantially the same locations, and with substantially the same elevations, but with concrete bottoms.

Prior to the construction of the hard-surfaced roadway, there was a small ditch along the west side of the roadway, and a larger ditch on the east side of such roadway to provide for surface drainage.

Claimant contends that by reason of the making of the reverse curve at the southeast corner of her land to replace two right-angled jogs, the roadway was moved to the east, and thereby encroached on the large ditch on the east side of the road; whereby such ditch was partially filled and narrowed, and its carrying capacity materially reduced; that the new culverts have concrete bottoms, which tend to hinder the flow of water through the same; that as the result of these changes, the water does not run off her land as quickly as it previously did, whereby she has sustained damages. The damage claimed in the complaint and Bill of Particulars attached thereto is for loss of crops during the period of five years prior to the filing of the complaint herein, to wit, July 6th, 1931.

In claimant's original Brief and Argument, as well as in the Reply Brief, the right of recovery is based on the provisions of Section 13 of Article 2 of the Constitution of 1870, which section provides that private property shall not be taken or damaged for public use without just compensation.

Counsel for respondent contends that the State, in the construction and maintenance of its highways, is engaged in a governmental function, and is not liable for the wrongs, conduct or negligence of its officers or agents.

If the contention made on behalf of the respondent is correct, it is decisive of the case, and the complaint will have to be dismissed.

If, on the other hand, such contention is not correct, it will be necessary to determine whether, under the aforementioned constitutional provision, the State is liable for the taking or damaging of private property for a public use, and if so, the nature and extent of such liability.

The contentions of counsel, both for claimant and for respondent, have been considered by our Supreme and Appellate Courts in a number of recent cases.

In the case of *Roe* vs. *County of Cook,* 358 Ill. 568, plaintiff was the owner of certain unimproved real estate in the village of Homewood, adjoining the Dixie Highway. Defendant constructed a subway under said highway in such manner that the eastern entrance thereto was on the plaintiff's property, and access to and from such property was cut off. Plaintiff in that case contended, as does the claimant here, that his property was taken and damaged for public use without compensation, in violation of the Constitution of this State.

In affirming a judgment in favor of the plaintiff, the court said:

"Section 13 of Article 2 of the Constitution, principally relied upon in support of the judgment, is as follows: Private property shall not be taken or damaged for public use without just compensation. Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law," etc. It is contended by plaintiff in error that the Constitution does not point out a remedy and that no express remedy is afforded by statute. From this it is argued that the parties damaged are left to the common law for relief, and that no liability exists at common law against an involuntary municipal corporation (such as the county of Cook) to respond in damages for a tort, in the absence of a statute creating such a liability. *(Board of Trustees of Odell* vs. *Schroeder,* 58 Ill. 353; *County of Cook* vs. *City of Chicago,* 311 id. 234.) On the other hand, the defendants in error argue that the constitutional provisions above quoted are self-executing, and that a county may not take or damage the property of an individual for public use without eminent domain proceedings and without compensation and then escape liability for its act by saying that it cannot be sued. We are impressed with the justice and soundness of the latter view. The constitutional right of all property owners to compensation when their property has been damaged or taken for public use is one of the most salient provisions of our bill of rights. * * *

"When the Constitution forbids the taking or damaging of private property without just compensation and points out no remedy, and no statute affords one, for the invasion of the right of property thus secured, the

common law, which affords a remedy for every wrong, will furnish the appropriate action for the redress of such grievance. 12 *Corpus Juris*, 732.

"We now turn to a consideration of the form of action in this case to ascertain whether the county of Cook is exempted from liability at common law because it is an involuntary municipal corporation. The liability of a county to respond in an action at law for damages resulting to an abutting property owner no part of whose land was physically taken in an eminent domain proceeding was directly involved in the *County of Mercer* vs. *Wolff*, 237 Ill. 74, where the cross-petition was stricken and petitioner "remitted to his action at law for his damages". The same doctrine was approved in the more recent case of *Illinois Power and Light Corp.* vs. *Talbott*, 321 Ill. 538, where it was said: "The Constitution, in prohibiting the taking or damaging of private property for public use without just compensation, recognizes the right of the owner of property damaged by a public work to recover the amount of such damages. This right may be asserted by the owner as a plaintiff in an action at law where none of his property is actually taken, or as a defendant to an eminent domain proceeding for the condemnation of property actually taken. (*County of Mercer* vs. *Wolff*, 237 Ill. 74.) In either case the right to the damages is the same, and its basis is the constitutional prohibition mentioned. * * *"

"The constitutional provision itself, without remedial legislation, is basic law, which not only confers a right but presupposes a remedy. Standing alone, Section 13 is self-executing and forms the basis for recovery at common law by an action on the case. This is the rule announced in the two Illinois cases last cited, and is also the view taken, under the same or similar constitutional provisions, in Pennsylvania, California, Georgia, Alabama, Nebraska, and Colorado." * * *

"Counties may sue and be sued in Illinois, * * * and while they may not be held liable for damages in tort actions, where the doctrine of respondeat superior must be invoked, they are nevertheless liable for the value of property appropriated to their own use and for damages done to abutting property by reason of public improvements made in pursuance of their corporate powers."

The Roe case was thereafter cited with approval in the case of *People* vs. *Kelly*, 361 Ill. 54.

In the case of *Holm* vs. *County of Cook*, 283 Ill. App. 190, plaintiffs brought an action of trespass to recover damages for injuries to their lands and the destruction of their crops ·by sewage from Oak Forest Infirmary, a public institution owned and maintained by the defendant. The declaration alleged that the plaintiff was the owner of the premises in question for five years preceding the commencement of the said proceeding; that Oak Forest Infirmary was maintained by the defendant on a tract of land near the premises of the plaintiff; that said infirmary had accommodations for 6,000 inmates; that during all of the time complained of, the defendant allowed noxious sewage from such institution to flow

in great volume upon the land of the plaintiff, whereby the growing crops were destroyed and whereby the plaintiff's premises were appropriated and damaged for a public purpose without the consent of the plaintiff, and without any compensation being paid therefor, contrary to the rights of the plaintiff as guaranteed by the Constitution of this State.

The defendant filed a plea of the general issue and a special plea to the effect that in the year 1915 the plaintiffs had sued the defendant in the same court in a plea of trespass on the case on promises for taking and using the same land mentioned and described in the declaration; that in said suit the plaintiffs recovered judgment against the defendant for the sum of $12,500.00 damages and costs of suit; and prayed judgment if the plaintiffs ought to have their aforesaid action.

The evidence showed that sewage from the defendant's Institution overflowed a portion of the plaintiff's farm, destroyed 20 acres of his yearly crop for the five years alleged, with resulting damage to the plaintiff of nearly twice the amount of the jury's verdict.

The jury returned a vedict in favor of the plaintiff for the sum of $1,750.00. Thereafter, on motion of attorneys for defendant, the trial court entered judgment for the defendant and against the plaintiff, notwithstanding the verdict, based on the former judgment and the satisfaction thereof. An appeal was perfected to the Appellate Court, First District. In that case the Appellate Court said:

"Plaintiff contends that a former recovery in an action of trespass against the county is not a bar to his recovery for a second trespass.

"Defendant's theory is "that, since it is liable in a tort action only when it has taken or damaged land, then when it has taken or damagedd land and paid for such appropriation, it thereby acquires an absolute right to continue to dominate the land for the same uses and purposes forever afterward."

"Plaintiff urges that "it would be very disastrous and far-reaching if it were the law that a trespasser, by reason of his trespass upon the property of another, obtained a legal right or title or interest in the property of the owner by reason of his wrongful and unlawful act, and the aggrieved owner could not thereafter recover for any subsequent trespass."

"It is sufficient answer to this argument to state that plaintiff predicates and he must predicate the county's liability entirely and solely on the constitutional provision that, "Private property shall not be taken or damaged for public use without just compensation." (Sec. 13, Art. 2, Constitution of the State of Illinois), which contemplates only one recovery for all past, present and future damages.

360

"Plaintiff's argument as above set forth would possess merit and force if his former suit and the instant action were against a private individual or corporation and for damages caused by a temporary nuisance. However, his former action not only was brought under the above constitutional provision, but he alleged permanent injury"; etc.

In conclusion, the court said:

"The county's liability for damaging private property for public use exists only under the Constitution and there can be only one recovery as has been shown. Since plaintiff has already recovered in his former action for the appropriation of the land involved in the instant case for the conduct of the sewage from the Infirmary across and through it, he is barred from another recovery for the continued use of the land for the same purpose."

The defendant in the cases cited was the County of Cook, but there can be no question but what the law as there laid down with reference to counties, applies with equal force and effect to the State.

The State being liable under the constitutional provision for the damaging of private property for public use, it becomes necessary to consider and determine the nature and extent of such liability, and the facts in this case with reference thereto.

The important facts in the case, from the standpoint of the legal principles here involved, are as follows:

The hard-surfaced highway in question was constructed during the year 1924. At the time of such construction the premises in question were owned by W. Jeff Horney. Thereafter, to wit, on April 16th, 1929, he conveyed said premises to the claimant Frances Parke Horney. On July 6th, 1931 complaint was filed herein jointly by W. Jeff Horney and Frances Parke Horney. Thereafter W. Jeff Horney died.

The complaint alleges damage to, or loss of crops during the period of five years prior to the filing of such complaint, but does not allege that the premises in question were permanently damaged. Evidence was produced on behalf of the claimant, in support of the averments of the complaint as to loss of crops, but no evidence was offered to show any permanent injury to the premises in question.

The evidence, however, shows beyond any doubt that the improvement of the highway in question was a permanent improvement. Furthermore, claimant bases her right of recovery on the aforementioned constitutional provision.

Claimant apparently takes the position that the highway in question as now constructed, is in the nature of a continuing nuisance or trespass, and that therefore she may maintain successive actions for damages, and recover in each case the damages sustained since the commencement of the preceding action, provided not more than five years have intervened.

Such, however, is not the law. The question has been before the courts of this State in many cases, and there are numerous decisions of our Supreme Court to the effect that where private property has been damaged for public use, and the owner seeks compensation for such damage pursuant to the aforementioned constitutional provision, there can be but one recovery for the damages sustained, and such recovery includes all damages past, present and future.

In the case of *Chicago & E. I. Ry. Co.* vs. *Loeb,* 118 Ill. 203, the plaintiff sought to recover damages claimed to have been sustained by the throwing of smoke, cinders and ashes upon his premises, in the operation of defendant's railroad. In that case the court said:

"Before adoption of the latter Constitution (1870) where there was land taken for public use, there was provision for compensation. But where there was other disconnected land not touched by the improvement, but merely damaged, as complained of in this case, no compensation was provided. To meet this want the clause of the Constitution restrictive of the exercise of the power of eminent domain provides that private property shall not be taken or damaged for public use without just compensation.

"We think it to be within the true intent and meaning of this provision as to damage, that there should be but one proceeding for recovery of damage, in which there should be recovery for the entire damage, past, present and future; that it should be similarly regarded, in this respect, as the provision in regard to the taking of property, where there is but one proceeding, and an assessment of compensation and damages once for all. The two provisions are coupled together and are both in restriction of the exercise of the power of eminent domain."

In the case of *C. & E. I. R. R. Co.* vs. *McAuley,* 121 Ill. 160, in which the facts were similar to the Loeb case, the court, in speaking of the decision in the Loeb case, said:

"We there expressly held, that upon the construction and putting in operation of a railroad, all damages which would be sustained as the necessary result of the operation of the road can be immediately estimated, and must be recovered in one action. The only logical conclusion to be drawn from that decision is, that unless an action is brought to recover the damages after they accrue, within the period provided by the statute, the cause of action will be barred."

In the case of *North Shore Ry. Co.* vs. *Payne,* 192 Ill. 239, the plaintiff sued for damages claimed to have been sustained by reason of the erection and operation by the defendant, on the premises adjoining plaintiff's dwelling house, of an electric power house for the operation of its railroad. In that case the court, on page 243, said:

"The defendant, acting within its charter, had a legal right to maintain its power house at that place, and plaintiff had no lawful right to interfere or compel a change. In such a case, in legal contemplation all damages which will be sustained as the effect of the Act are sustained immediately, and the measure of damages is the depreciation in market value";

In the case of *Miller* vs. *Sanitary District,* 242 Ill. 321, the court said:

"No doubt the payment of this judgment will justify the sanitary district in continuing to flow these lands without any danger of being harassed with other suits for damages. In such cases the recovery is held to be in full compensation for all present and future damages and one recovery will bar any subsequent action for the same cause."

In the case of *Holm* vs. *County of Cook, ante,* the court said, p. 198:

"The county's liability for damaging private property for public use exists only under the Constitution, and there can be only one recovery as has been shown."

In the case of *Roe* vs. *County of Cook,* heretofore mentioned, the court said (p. 575):

"While the judgment may be somewhat excessive, we are powerless to afford any relief under the record. Its payment will secure the public right to continue to use the premises, as it will be considered as full compensation for all present and future damages and bar any subsequent action for the same cause."

As to the damages recoverable in cases where private property is damaged but not taken, the law is well settled. In the case of *Dept. of Public Works* vs. *Caldwell,* 301 Ill. 42, and in the case of *Dept. of Public Works* vs. *McBride,* 338 Ill. 347, and in numerous other cases, our Supreme Court has held that the true measure of damages for land not taken is the difference between the fair cash value of the property unaffected by the improvement and its fair cash market value as affected by it.

This court has applied the rule thus stated in the case of *Grassle* vs. *State of Illinois,* 8 C. C. R. 150, and in the combined cases of *Sadie Stein, et al* vs. *State of Illinois,* 8 C. C. R. 251-265.

The only evidence in the record on the question of damages is the testimony as to damage to or loss of crops, and there is no evidence whatsoever as to the fair cash value of the premises, either before or after the making of the improvement.

Inasmuch as there can be but one recovery, the question arises as to when the cause of action stated in the complaint accrued, and whether the same is now barred; also as to the effect of the conveyance by W. Jeff Horney to Frances Parke Horney as hereinbefore set forth.

Section 10 of the Act creating the Court of Claims (State Bar Assn. Stat. 1935, Chap. 37, Sec. 471) provides that "every claim against the State cognizable by the Court of Claims shall be forever barred unless the claim is filed with the Secretary of the Court within five years after the claim first accrues", etc.

In the case of C. & A. R. R. Co. vs. Sarah Maher, 91 Ill. 312, defendant sought to recover damages for injuries claimed to have been sustained to her land by a pier constructed by defendant in the river near her property. It appeared from the evidence that Hugh Maher was the owner of the property in question prior to and at the time of the construction of the pier; that some time after the construction thereof, he deeded the property to his wife, Sarah Maher, who thereafter commenced a proceeding against the defendant for damages.

After a review of the authorities upon the question, the court, page 317, said:

"These authorities establish the doctrine that Maher might have sued for and recovered all the damages which were sustained by the property from the erection, whether at the time or in the future; that he could have sued and recovered for the depreciation in the value of the property caused by the erection of this protection. This being true, the right of action was in him for a recovery of all damages that were or might be caused by the structure, and as the right has not nor can be transferred to the appellee, she has shown no legal right of recovery."

In the case of C. & E. I. R. R. Co. vs. Loeb, ante, the court held that the damage in question was of a permanent character and only one recovery could be had for the entire damage, and in conclusion, in passing upon the question as to the right of recovery claimed by one who had purchased the property subsequent to the construction of the improvement in question, said:

"The conclusion is that as the former owner could have sued and recovered for the depreciation in value of the property caused by the railroad, the right of action was in him for a recovery of all damages that were or might be caused in the operation of the railroad, and that there is no right of recovery in his alienee, appellee."

In the case of *North Shore Ry. Co.* vs. *Payne, ante,* the court, on page 247, said:

"Where the suit is not for negligent or improper construction or operation, and is for damages accruing from a construction of a permanent character, all damages in law, accrue when the cause of the injury is created, and the recovery must be for the whole damage, of which depreciation in market value is the measure. * * * In this case, the damages, in contemplation of law, were sustained when the power house was established and its operation commenced."

The cause of action here sued upon, therefore, accrued in 1924. Complaint was not filed until July 6th, 1931. Consequently the claim is barred under the statute. Furthermore, under the authority of the Maher case, and the Loeb case, the claimant, Frances Parke Horney, having acquired title after the completion of the improvement in question, has no right of action on account thereof.

From the decisions cited and referred to, we reach the following conclusions:

1. There is no liability · on the part of the State for damages in tort where the doctrine of *respondeat superior* must be invoked.

2. The only liability of the State for taking or damaging private property for public use, is under Section 13 of Article 2 of the Constitution.

3. The provisions of such section of the Constitution are self-executing.

4. Where damages are recoverable, the proper measure of damages for property damaged but not taken, is the difference between the fair cash value of the property unaffected by the improvement and the fair cash value of the property as affected by it.

5. In cases based upon the constitutional provision that private property shall not be taken or damaged for public use without just compensation, there can be but one recovery, and such recovery includes all damages resulting from the improvement, past, present or future.

6. In such cases the right of action accrues when the improvement in question is made, and if claim therefor is

not filed within five years after the making of the improvement, the claim is barred.

7. In such cases the right of action is in the owner of the property at the time of the making of the improvement, and a subsequent alienee of the property takes the same as it existed at the time of the conveyance, and has no right of action for damages resulting from the prior improvement, and accruing after the conveyance.

Based upon the foregoing conclusions, and the record before us, claimant has no right to an award, and the same must therefore be denied.

Award denied. Case dismissed.