(No. 1812—)

ADOLPH NIERSTHEIMER, JR., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1937.*

J. M. POWERS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The declaration herein alleges that claimant in the spring and summer of 1926 was the owner of certain real estate described in the complaint, adjoining S. B. I. Route No. 9;

that for fifty years a natural water course has run across the lands of claimant from southeast to northwest and thence up to and across said highway, and thence northwesterly one and one-half miles to the Illinois River; that the water escaped across said highway through two bridges east of the C. & A. Railway Company right-of-way and in times of freshet by running over said highway which had a low embankment; that in the spring and summer of 1926 the respondent removed one of said bridges and raised the grade of the highway from three (3) to five (5) feet throughout its length and thereby obstructed the lawful flow of the water and failed to place adequate bridges and culverts to take care of the rainfall and freshets, and by reason thereof on the morning of September 1, 1926, the water from a heavy rain storm was unable to escape across said highway embankment, resulting in the loss of claimant's crops and damages to his soil from gravel and silt deposits; that such damages were again repeated by overflows in the fall of 1926; all to the total amount of One Thousand Six Hundred Eighty-eight and 40/100 ($1,688.40) Dollars.

The State has filed a motion to dismiss the claim by reason of the fact that same is based upon alleged negligent construction of the hard road in question, for which negligence upon the part of the employees and agents of the State the latter is not legally liable.

This question of negligence by the employees of the State, in the construction or maintenance of its highways, has frequently been before the court, and awards therein have been denied when such claims are based upon the theory that the State is liable for the negligence of its employees. There is no provision of law or statute by which the State is legally held liable for damages caused by the failure or negligence of any employee or officer in repairing or constructing any highway, and in the absence of a statute making the State thus liable the Court of Claims has no authority to make an award. The State therein acts in its governmental and sovereign capacity. (*Sullivan* vs. *State*, 8 C. C. R. 140.)

The present claim however, seems to be predicated not upon the theory of negligence by employees of the State, but is apparently based upon the theory that the State is liable

for lands *not taken but damaged* in the general construction of a highway.

"The constitutional provision forbidding the taking or damaging of private property without just compensation is a basic law, which not only confers a right but presupposes a remedy, and although it makes no provision for remedial legislation and none is provided by statute the constitutional provision (Sec. 13 of Art. 2, Ill. Const.), itself is self-executing and forms the basis for recovery at common-law."

 *Roe* vs. *County of Cook*, 358 Ill. 568.

In the above case no unauthorized act or negligence of the commissioners, in the construction of the subway in question, was charged, but the question of the district's liability to pay for property damaged in the regular construction of the work in question, was directly involved.

In *People* vs. *Kelly*, 361 Ill. 54, the City of Chicago, without condemnation or warrant of law, so raised the grade of Monroe Street as to damage the adjacent property. The court there said:

"Disregarding all inappropriate arguments and side issues, the record before us amounts simply to this: The appellant's property was damaged for a public use within the meaning of Sec. 13 of Art. 2 of the Constitution. That provision is self-executing, and the appellant has not been paid just compensation. * * * Neither the Legislature nor any Executive or Judicial Officer may disregard the provisions of the Constitution even in case of a great emergency."

The Constitution of 1848 provided that private property should not be taken for public use without just compensation. No provision was made for *property damaged,* but not taken, and numerous cases arose in which a decided hardship was worked upon certain property-owners whose property was seriously damaged but not taken, and who were therefore denied any compensation therefor. To remedy this situation a change was made in the Constitution of 1870, and *Sec. 13 of Art. 2 of the Constitution* now provides that, "Private property shall not be taken or damaged for public use without just compensation."

This question was reviewed in *Moore, et al* vs. *State,* 8 C. C. R. 686, wherein the court held that when in the course of construction of a State highway, lands which previously drained through its natural ditches is thereafter, by the construction of a highway, subjected to an increased amount of water to which it was not previously subjected so that surface water cannot be carried off and an adjoining property-owner is damaged thereby, the latter is entitled to an award.

Where private property is not taken but is damaged for public use, the property-owner is entitled to recover the damages which his property has sustained, and the proper measure of damages in such cases is the difference between the fair cash market value of the property unaffected by the improvement and its fair cash market value as affected by it. (*Dept. of Public Works* vs. *McBride,* 338 Ill. 347.)

Where the taking or damaging does not arise by virtue of condemnation proceedings the damage is determined by the difference between the fair cash market value of the property just prior to the time the making of the improvement commenced, and its fair cash market value just after the improvement is completed. (*Ross* vs. *City of Chicago,* 91 Ill. App. 416.)

While the complaint herein recites in some detail the loss in September, 1926 of corn then growing on the premises described, any claim which plaintiff might have would have to be for damages to the real estate in question for property damaged but not taken in the course of the construction or improvement of the highway in question, i. e. a part of S. B. I. Route No. 9.

In the case of *Holm* vs. *County of Cook,* 283 Ill. App. 190, where plaintiffs brought an action of trespass to recover damages for injuries to their lands and for the destruction of their crops, the court held, "Plaintiffs predicate and must predicate the county's liability entirely and solely on the constitutional provision, that 'private property shall not be taken or damaged for public use without just compensation' (*Sec. 13, Art. 2, Const. State of Ill.*), which contemplates only one recovery for all past, present and future damages." The same rule of law that was applied in the above case as regards the County of Cook, applies in the same measure in a claim against the State. As there could be but one recovery it becomes necessary to determine when that right of recovery first accrued. The complaint herein recites that the construction work which caused the alleged damage to plaintiff's property was in the spring and summer of 1926. Plaintiff's right of action therefore accrued at that time.

The claim herein was not filed until August 29, 1931, being on its face more than five years subsequent to the time such right of action matured. *Section 10* of the Act creating

the Court of Claims (*Ill. State Bar Statutes, Chap. 37, Sec. 471*) provides that ''Every claim against the State cognizable by the Court of Claims shall be forever barred unless the claim * * * is filed within five years after the claim first accrues.'' The motion of the Attorney General to dismiss the claim is therefore allowed for the reason that the claim is barred by the statute of limitations. Claim dismissed.